OPINION
{¶ 1} Defendant-appellant, Armound O. Jones, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of domestic violence in violation of former R.C. 2919.25 ("R.C. 2919.25"), a felony of the fifth degree. Because the trial court did not err either in permitting the prosecution to call a witness not disclosed in discovery or in imposing the maximum sentence, we affirm.
 {¶ 2} By indictment filed February 26, 2002, defendant was charged with one count of domestic violence, a felony of the fifth degree due to prior convictions on April 26, 2000 and October 4, 2000.
 {¶ 3} A jury trial commenced on April 22, 2002; the jury found defendant guilty of the charged offense, and further found the state proved defendant had two prior convictions for domestic violence as alleged in the indictment, both specified in the jury verdict. On April 29, 2002, the trial court conducted a sentencing hearing and imposed the maximum sentence of 12 months. The court journalized its sentence with a judgment entry filed May 2, 2002. Defendant timely appeals, assigning the following errors:
 {¶ 4} "First Assignment of Error
 {¶ 5} "The trial court abused its discretion by permitting the prosecution to present a witness not disclosed by the prosecution in response to a defense discovery request.
 {¶ 6} "Second Assignment of Error
 {¶ 7} "The trial court erred by imposing the maximum allowable sentence when the record did not establish the factors set forth in R.C. § 2929.14(C)."
 {¶ 8} Defendant's first assignment of error contends the trial court should not have allowed the state to use a witness the state failed to disclose in response to defendant's discovery request.
 {¶ 9} Prior to trial, the prosecution advised the trial court that defense counsel had indicated he probably would not be willing to stipulate to defendant's prior conviction. Recognizing the state's burden to prove the conviction, the state requested that it be allowed to call as a witness Christian Domis, an assistant prosecutor, who could testify to the prior conviction. The prosecution noted defendant received in discovery the judgment entry of the prior conviction, a copy of the indictment, and a copy of the handwritten guilty plea form that was completed when the plea was taken leading to the prior conviction. The prosecution, however, admitted it had not provided Domis' name before the day of trial. In summarizing the state's position, the court observed that the state's "purpose in calling him is to simply identify this Defendant as the person attached to the paperwork that you previously provided to him, am I correct on that?" (Tr. 7.)
 {¶ 10} Defendant objected because no enhancement witness was listed on the discovery, but admitted that the controversy was not one of identity or mistake, but rather defendant's desire to require the state to prove its case. In attempting to assess any affirmative damage to defendant, the court inquired how defense counsel would have prepared differently, or what counsel would do if the trial court were to grant a continuance as a result of the late notice. Defense counsel declined a continuance, stating: "I'm not asking for a continuance. I believe under the sanctions allowed by the court, if the State doesn't provide an enhancement witness then the Court doesn't have to allow that enhancement witness to testify." (Tr. 9.)
 {¶ 11} The court pointed to its obligation to use the least restrictive sanction. Noting that the most restrictive would be to deny the evidence, and that the least restrictive would be to grant a continuance, the court concluded no preparation was necessary and defendant had not been prejudiced because "this isn't some brand new eyewitness that you never heard of before that you need to go to interview." (Tr. 10.) Accordingly, the trial court allowed the state to present Domis' testimony.
 {¶ 12} Crim.R. 16(E)(3) provides:
 {¶ 13} "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 14} A trial court properly may allow a witness to testify, even in the absence of disclosure pursuant to a defendant's discovery request where the state did not willfully violate Crim.R. 16, advance knowledge would not have benefited the defendant in preparing a defense or the defendant was not unfairly prejudiced. State v. Scudder (1994),71 Ohio St.3d 263, 269, certiorari denied (1995), 515 U.S. 1164,115 S.Ct. 2623.
 {¶ 15} Here, defendant is unable to show prejudice from the state's failure to disclose the witness' name during discovery. Defendant was well aware of the state's allegations of prior convictions in the indictment and had been provided the supporting paperwork. While the state properly should have disclosed the name of the witness it intended to use to verify the paperwork, the timing of the state's disclosure caused defendant no harm: defendant had no preparation for the undisclosed witness, and indeed refused a continuance that would have allowed defendant to engage in any preparation deemed necessary. Accordingly, the trial court did not abuse its discretion in permitting the state to present Domis' testimony. State v. Abdalla (Dec. 18, 2001), Franklin App. No. 01AP-439, appeal not allowed (2002), 95 Ohio St.3d 1410. Defendant's first assignment of error is overruled.
 {¶ 16} Defendant's second assignment of error asserts the trial court erred in imposing the maximum allowable sentence when the record did not establish the necessary factors under former R.C. 2929.14(C) ("R.C. 2929.14[C]"), which provided:
 {¶ 17} "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." Moreover, former R.C. 2929.19(B)(2)(d) required that, if the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, the court must give its reasons for imposing the maximum prison term. Accordingly, the trial court was required not only to state its findings under R.C. 2929.14(C), but also to give its reasons for those findings.
 {¶ 18} According to the state's evidence, on February 10, 2002, Stephanie Hatfield was residing at 1707 Keeler Court with her mother, her mother's boyfriend, her two brothers, and her daughter, Tanisha. Defendant is Tanisha's father.
 {¶ 19} At approximately 6:00 p.m. that evening, as the family was eating dinner, they received a telephone call. Stephanie's mother answered the telephone and advised Stephanie that defendant was outside and wanted to talk with her. Stephanie went outside, and walked toward defendant. According to Stephanie's testimony, defendant apparently was upset that Stephanie had taken Tanisha to a friend's house. She testified that defendant started "yelling and screaming" at her. (Tr. 36.)
 {¶ 20} According to Stephanie, defendant then grabbed her by her throat and carried her from the driveway to her car where they further argued. He started spitting in her face; she spat back at him and slapped his face a couple of times. He continued to argue, and then started to walk away. When he had walked about ten feet from her, defendant started yelling at her again, and laughed at her. He then came back to her, and with a closed fist he hit Stephanie on her lip, her jaw, and somewhere in the back of her head, eventually causing her to fall to the ground. When he heard Stephanie's mother coming outside, he left. The police arrived about a half hour later and were there for a couple of hours. Stephanie went to the doctor the next day, having suffered a cut lip and a swollen and bruised jaw. The doctor sent her to Children's Hospital, but no x-rays were taken.
 {¶ 21} Defendant testified and denied striking Stephanie. According to defendant, she struck him: "[A]fter she spit and smacked me I went to walk away and she smacked me again, and I pushed her away so she wouldn't hit me again, and she fell from the curb and I helped her up. Then I left." (Tr. 174.)
 {¶ 22} In sentencing defendant, the trial court stated: "Because this is a maximum term the Court needs to make certain findings in order to justify that. Based upon everything I heard during this trial, based upon what I've reviewed in the presentence investigation that was ordered the last time that you were in court for this very same behavior, this Court finds that you pose the greatest likelihood of committing future crimes, and, therefore, this maximum sentence is justified according to the sentencing guidelines." (Tr. 225-226.) In setting forth its reasons, the court noted: "This is the third time that you have been convicted for engaging in this sort of behavior with the very same woman." (Tr. 226.)
 {¶ 23} As the record reflects, the trial court specifically addressed one of the required findings under R.C. 2929.14(C): the trial court concluded defendant posed the greatest likelihood of committing future crimes. Moreover, contrary to defendant's contentions, the record supports the trial court's conclusion. As the trial court noted, defendant had been convicted of three counts of domestic violence within two years, all with the same victim. Moreover, even though defendant had been sentenced to 10 months in prison for one of the prior convictions, defendant was again before the court for the same offense. The record thus supports the trial court's conclusion that something less than the maximum was unsuccessful in inhibiting defendant's recidivism. Accordingly, defendant's second assignment of error is overruled.
 {¶ 24} Having overruled both of defendant's assigned errors, we affirm the judgment of the trial court.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.